UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE H. LEWIS, as Personal Representative of the Estate of CARISA LEWIS, Deceased, and GEORGE H. LEWIS, Individually, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:05-cv-0270-JDT-TAB |
| COUNTY OF HENRY, KIM L. CRONK, Individually and in his Official Capacity as HENRY COUNTY SHERIFF, JASON WOODS, Individually and in his Official capacity as a Henry County Sheriff's Department Officer, CHRIS WOODS, Individually and in his Official capacity as a Henry County Sheriff's Department Officer, JAY DAVIS, Individually and in his Official Capacity as a Henry County Sheriff's Department Officer, other unknown officials at the Henry County Sheriff's Department, COUNTY OF CLARK, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, EMSA LIMITED PARTNERSHIP d/b/a/ PRISON HEALTH SERVICES, HARVEY HOFFMAN, Individually and in his Official Capacity as Clark County Detention Center Medical Director, FRANCISCO SANCHEZ, Individually and in his Official Capacity as a Clark County Detention Center Medical Official, RON LUDWISZEWSKI, Individually and in his Official Capacity as a Clark County Detention Center Medical Official, and other unknown officials at the Clark County Detention Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY DENYING LAS VEGAS METROPOLITAN**

**POLICE DEPARTMENT'S MOTION TO DISMISS (Docket No. 56)**[1]

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Plaintiff George H. Lewis brings this action on behalf of himself and his deceased wife, Carisa Lewis.  In his Amended Complaint filed August 25, 2005, Mr. Lewis alleges that while Ms. Lewis was being held in Defendants' custody, she died from a medical condition known as thrombotic thrombocytopenic purpura.  He asserts that Defendants failed to provide Ms. Lewis adequate medical care, and as a result, Ms. Lewis "suffered severe injuries resulting in death."  (Am. Compl. ¶ 25.)  Based on this and other related allegations, Mr. Lewis brings one claim for relief under 42 U.S.C. § 1983, and two state law claims for wrongful death and loss of consortium.

On September 12, 2005, Defendants County of Clark, Nevada and Las Vegas, Nevada Metropolitan Police Department ("LVMPD") moved to dismiss the claims asserted against them, arguing that they are not proper defendants in this case.  Mr. Lewis responded to the motion on September 27, 2005, but there was no reply brief filed.  On November 11, 2005, Mr. Lewis filed a Motion for Leave to File Amended Complaint, in which he sought to amend his Amended Complaint to both dismiss and add certain parties.  Of particular relevance to the instant motion to dismiss is Mr. Lewis' dismissal of movant Defendant County of Clark, Nevada, which Magistrate Judge Baker allowed on November 14, 2005.  After that dismissal, what remains for this court to decide on the instant motion is whether LVMPD is a proper defendant in this action.

**I.   PLAINTIFF'S ALLEGATIONS**

The following allegations set forth in the Amended Complaint are relevant to LVMPD's motion to dismiss.

Ms. Lewis suffered from a serious medical condition called thrombotic thrombocytopenic purpura ("TTP"), which manifests itself through bruising, bowel difficulties, jaundice, neurological abnormalities, numbness, abdominal pain, fever, blood in urine and abnormalities in kidney function. (Am. Compl. ¶ 14.) On March 5, 2004, Ms. Lewis was arrested in Las Vegas, Nevada by LVMPD, and taken to the Clark County Detention Center. (*Id.* ¶ 12.) Upon being detained at the Center, Ms. Lewis notified several officials orally and in writing that she had TTP. (*Id.* ¶¶ 13, 15.) While in custody, she began to experience symptoms of the condition, and notified officials in writing of those symptoms as well. (*Id.* ¶ 16.)

On April 8, 2004, Ms. Lewis was transferred on an outstanding warrant to Henry County, Indiana, and on that date she informed Henry County officials in writing that she was experiencing symptoms of TTP. (*Id.* ¶ 19-20.) She and Mr. Lewis continued to complain of the symptoms and request medical care, to no avail. (*Id.* ¶ 22.) On April 12, 2004, Ms. Lewis was transferred to Henry County Medical Center, where tragically she died the next day at the age of twenty-eight. (*Id.* ¶¶ 24-26.)

## II.     DISCUSSION

In its motion to dismiss, LVMPD requests that the court dismiss it from this action because "it is not an entity that can be sued under the facts alleged in the complaint." (Mot. 5.)  In support thereof, LVMPD suggests that Mr. Lewis' claim against it arising under 42 U.S.C. § 1983 is based on the theory of respondeat superior/vicarious liability. It argues that a plaintiff advancing such a theory under § 1983 must show that the defendant was personally involved in the claimed deprivation of the plaintiff's constitutional rights, citing *Starzenski v. City of Elkhart,* 87 F.3d 872 (7th Cir. 1996) and *Benson v. Cady,* 761 F.2d 335, 339 (7th Cir. 1985).  According to LVMPD, Mr. Lewis does not make such a showing as to LVMPD in his Amended Complaint.  It therefore argues that all claims against it must be dismissed.[2]

### A.     Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.  *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1356 (3d ed. 2004).  When considering such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004); *Hentosh v. Herman M. Finch Univ. of Health Sci.'s./Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).  A plaintiff's complaint advancing a municipal liability

---

[2] LVMPD does not offer any explanation for its request that the court dismiss not only Mr. Lewis' § 1983 claim, but also the two state law claims asserted against it.

claim under 42 U.S.C. § 1983 need not meet any heightened pleading standard, but rather must simply set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint.  See *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).  Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.   Plaintiff Has Pled an Actionable Claim Against Defendant Las Vegas Metropolitan Police Department Under 42 U.S.C. § 1983

Mr. Lewis claims that LVMPD violated 42 U.S.C. § 1983 because its "jail officials" denied Ms. Lewis her Eighth and Eleventh Amendment right to receive adequate medical treatment.  His allegations against LVMPD appear in several paragraphs of the Amended Complaint, which describes LVMPD as a "municipal corporation[] within the State of Nevada . . . responsible for the hiring, supervision, training, instruction, discipline, control and conduct of . . . Las Vegas Metropolitan Police Department and/or its Detention Services Division, and their respective personnel . . . ."  (Am. Compl. ¶ 7.) The Amended Complaint continues, "[a]t all times relevant herein, Las Vegas . . . had the power, right and duty to control the operation, practices, and totality of conditions of its jail facility, including the provision of medical services, and to see that all orders, rules, instructions and regulations promulgated for the . . . Las Vegas Metropolitan Police Department, Detention Services Division, and/or its jail facility were consistent

with the Nevada and Federal Constitution, and the laws of the State of Nevada." (*Id.*) And paragraph 18 of the Amended Complaint sets forth Mr. Lewis' substantive assertion "That LVMPD . . . and its employees set out herein, including Defendants Harvey Hoffman, Francisco Sanchez, and Ron Ludwiszewski, wrongfully and unconstitutionally failed to provide adequate medical treatment to Decedent, and as a result thereof, Decedent's medical condition substantially deteriorated."

The United States Supreme Court has held that a municipality cannot be held liable under § 1983 on a respondeat superior/vicarious liability theory. "A municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dept. of Soc. Servs. of New York City*, 436 U. S. 658, 691 (1978). Therefore, to the extent these general allegations demonstrate that Mr. Lewis is attempting to hold LVMPD liable for any actions of its employees under such a theory, such a claim must be dismissed.

However, a municipality may be held liable for the conduct of its employees pursuant to § 1983 under other theories, including if municipality supervisors were personally involved in the questioned conduct. *Jones v. City of Chicago*, 856 F. 2d 985, 992 (7th Cir. 1988). This appears to be the theory Mr. Lewis primarily advances in his Amended Complaint. Personal involvement has been described as when a supervisor inflicts injury as a result of following or carrying out an unconstitutional municipal custom or policy. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Unconstitutional policies or customs can take three forms:

6

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999).

Mr. Lewis' allegations with respect to the custom or policy theory are weighty in both substance and detail. For example, the Amended Complaint avers the following LVMPD policy: "Defendant[] LVMPD['s] failure to provide proper training to its officers and/or personnel . . . constitutes a policy for which the said defendants are responsible." (Am. Compl. ¶ 33.) Paragraph 34 states, "there existed a widespread custom or practice of inadequate provision of medical care to its inmates." Paragraph 32 alleges "[t]hat Defendant Hoffman's course of action, in failing to provide adequate medical treatment to Decedent despite awareness of her condition and the substantial risk of serious harm to the Decedent, represented an act of governmental policy for which LVMPD . . . is responsible." And finally, paragraph 30 alleges "[t]hat Defendant Hoffman, as Medical Director, possessed final authority to establish municipal policy on behalf of LVMPD . . . with respect to the provision of medical care to inmates, including Decedent, held at the Clark County Detention Center and its Laughlin jail facility."

These allegations sufficiently state a § 1983 claim against LVMPD based on the established custom or policy theory detailed in *Palmer*. First, they make clear Mr. Lewis' assertion that LVMPD had a custom or policy with respect to the medical care of

inmates, albeit inadequate.  Second, they put LVMPD on notice of Mr. Lewis' contention that Harvey Hoffman, Medical Director of the Detention Center, had authority to carry out the inmate medical care custom or policy.  Under the liberal pleading standards of Federal Rule of Civil Procedure 8(a), that is all Mr. Lewis had to plead to advance his § 1983 municipal liability claim against LVMPD past the motion to dismiss stage.  Dismissal on this basis is therefore denied.

Mr. Lewis' Amended Complaint also sets forth an inadequate training or supervision of employees theory under which he argues that LVMPD may be held liable for violation of § 1983.  The Supreme Court has held that inadequate police training may support a §1983 claim against a municipality.  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  The circumstances under which municipal liability will attach to a failure to train case are in instances where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *Id.*  This standard may be met if "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need."  *Id.* at 390.

In this case, the Amended Complaint reads in relevant part, "That the failure of Defendant LVMPD . . . to properly hire and train its jail personnel . . . caused the deprivation of Decedent's constitutional rights and allow[s] the respective municipalities to be held liable under this cause of action." (Am. Compl. ¶ 35.) It also sets forth "That the need for more or different training with respect to the provision of medical care to inmates was so obvious, and the inadequacy of the current training was so likely to result in a constitutional violation, that the Defendant[] LVMPD['s] failure to provide proper training to its officers and/or personnel represents a deliberate indifference to said need and constitutes a policy for which the said defendants are responsible." (*Id.* ¶ 33.)

The allegations that LVMPD officials were not trained in proper administration of medical care to inmates is sufficient to demonstrate inadequate training under § 1983. However, Mr. Lewis must also set forth "deliberate indifference" to the result of such an inadequacy upon its citizens. *Canton*, 489 U.S. at 388. *Canton* noted it may be the case that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible." *Id.* at 390.

That is the situation here. LVMPD officials were supervising the detention of an inmate with a serious medical condition, presumably a task they do on a regular basis.

The need to train officials in this situation so as to avoid serious medical complications or death is compelling enough to say that failure to do so would constitute a deliberate indifference to the potential consequences, which include the likely deprivation of civil rights. That theory is encompassed, if not directly stated, in Mr. Lewis' Amended Complaint. Consequently, the Amended Complaint states a claim of municipal liability under § 1983 against LVMPD for failure to train and/or supervise, and the court therefore declines to dismiss it on that basis.

### III.   CONCLUSION

For the reasons stated above, the court **DENIES** Defendant Las Vegas Metropolitan Police Department's Motion to Dismiss (Docket No. 56)[3]. The Magistrate Judge may now decide Plaintiff's Motion to Amend the Complaint for Damages (Docket No. 69), as well as convene any case management or settlement conferences deemed necessary.

For future reference, counsel for LVMPD should pay heed to the advice provided in the case of *Doe v. Smith*, No. 05-1903, 2005 U.S. App. 25051, at *3 (7th Cir. Nov. 21, 2005) ("Any district judge (for that matter, any defendant) tempted to write 'this

---

[3] The Magistrate Judge already denied as moot Defendant County of Clark's motion to dismiss.

complaint is deficient because it does not contain. . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?").

ALL OF WHICH IS ENTERED this 12th day of December 2005.

John Daniel Tinder, Judge
United States District Court

Copies to:

Andrew Ryzard Bloch
Zeigler Cohen & Koch
abloch@zcklaw.com


Roger K. Kanne
Zeigler Cohen & Koch
rkanne@zcklaw.com

Daniel Joseph Layden
Allen Wellman McNew
djl@awmlaw.com

Diane Carr Roth
Alverson Taylor Mortensen & Sanders
alversontaylor@alversontaylor.com

John Thomas Roy
St. Paul Staff Counsel Office
john.roy@stpaul.com

Seetal Tejura
Alverson Taylor Mortensen & Sanders
efile@alversontaylor.com

Dawn Elizabeth Wellman
Allen Wellman McNew
dew@awmlaw.com

Magistrate Judge Tim A. Baker