UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE H. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0270-JDT-TAB |
| | ) | |
| COUNTY OF HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.     Introduction**.

This cause is before the Court on Plaintiff's motion to compel discovery from Defendant EMSA Limited Partnership and for monetary sanctions pursuant to Rule 37(a). [Docket No. 137.] Through interrogatories and requests for production, Plaintiff seeks information concerning "administrative hearings, quality improvement programs, meeting minutes, policy compliance, and other internal documentation that Defendant [EMSA] was statutorily and/or contractually obligated to maintain." [*Id.* p. 2.] EMSA contends that the Indiana medical peer review privilege shields from discovery the information Plaintiff seeks. [Docket No. 144.] It also asserts that its non-production does not warrant sanctions because "application of the peer review privilege was a reasonable basis for objecting to Plaintiff's discovery requests." [*Id*. p. 8.]

For the reasons below, Plaintiff's motion to compel [Docket No. 137] is granted, but Plaintiff's request for sanctions is denied.

**II.     Discussion**.

    **A.     Applicability of the medical peer review privilege.**

Plaintiff George Lewis, individually and as the personal representative of the estate of Carisa Lewis, brought the underlying federal and state claims that precipitated this discovery dispute after Carisa Lewis died in the Defendants' custody and care in 2004.  [Docket No. 144, p. 2.]  Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1983 and various state law theories including medical malpractice.  Plaintiff seeks information and documents concerning Defendant EMSA's custom, policy and practice concerning health care at Clark County Nevada's Detention Center.  [Docket No. 137.]  EMSA objects to disclosure on the basis of privilege.

This Court has not wavered: "Whenever a principal claim in federal court arises under federal law, with pendent jurisdiction over a state claim, federal common law of privileges apply." *Jones v. City of Indianapolis,* 216 F.R.D. 440, 443 (S.D. Ind. 2003) (internal quotations and citations omitted).  Nor have other district courts in this circuit held otherwise. *See e.g. Kodish v. Oakbrook Terrace Fire Protection District*, 2006 WL 1069115, at * 2-3 (N.D. Ill. April 20, 2006) (terminated public employee's principal due process claim under 42 U.S.C. § 1983 dictated application of federal common law to determine applicable discovery privileges regardless of pendent state claims).  In this case, the principal claim is one for civil rights violations under 42 U.S.C. § 1983.  Thus, the Court must determine whether the peer review privilege asserted by Defendant EMSA is recognized by federal common law.

EMSA premises its discovery objection on the Indiana medical malpractice peer review privilege codified by Indiana Statute, Ind. Code § 34-30-15-1.  Ind. Code § 34-30-15-1 relegates

2

all proceedings of and communications to a peer review committee confidential and privileged. *Id*. It further precludes committee members or proceeding participants from publicly disclosing communications to, records of, or determinations of a peer review committee. *Id*. EMSA cites to one lone district court case, *B. Doe, M.D. v. St. Joseph's Hospital of Fort Wayne*, 113 F.R.D. 677 (N.D. Ind. 1987), in support of its proposition that this privilege forecloses Plaintiff's intended discovery in a federal case with pendent state claims.

Plaintiff contends that EMSA's "reliance on Indiana's state law peer review privilege is misplaced" because there is no federal common law recognition for the medical malpractice peer review privilege. [Docket No. 137, pp. 3-6.] Plaintiff argues that EMSA's invocation of this privilege, despite *B. Doe*, *M.D.,* is not supported by the weight of authority from this circuit and beyond. [*Id*. pp. 5-6; Docket No. 148.][1] EMSA's position is underwhelming in terms of legal support, and the Court finds Plaintiff's position more compelling.

Although federal courts are free to "consider the law of the state in which [a] case arises in determining whether a privilege should be recognized as a matter of federal law" they can recognize state privileges only "where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Mem. Hosp. for McHenry Co. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) (internal quotation and citation omitted). As Plaintiff highlights [Docket No. 148, p. 3], courts that have weighed state-law medical related privileges against federal laws -- including 42 U.S.C. § 1983 -- have concluded that the state privilege has not precluded

---

[1] Plaintiff also questions whether *B. Doe, M.D.* remains good law and posits, in the alternative, that its application is limited to only those circumstances where the Court questions the veracity of the federal claim. Because this Court agrees with Plaintiff's alternative theory, it declines to opine on the current validity of *B. Doe, M.D.*

discovery. *See also Mattice v. Mem. Hosp. of South Bend*, 203 F.R.D. 381, 385 (N.D. Ind. 2001) (collecting cases that concluded state privilege inapplicable after weighing state medical peer review privilege against the interests advanced by federal anti-discrimination laws).

The interest at stake and the purpose served by civil rights actions raised under 42 U.S.C. § 1983 are at least as significant as those served by anti-discrimination statutes. The evidence sought by Plaintiff goes to the heart of Plaintiff's federal claims for inadequate medical treatment. To restrict a civil rights plaintiff's access to this type of evidence would seriously inhibit such plaintiff's ability to prosecute these types of important federal claims. Thus, the balancing of interests served, as well as the lack of precedent adopting a federal common law peer review privilege, require this Court to forego recognition of the privilege under these circumstances. Consequently, EMSA shall produce the documents and information previously withheld on the basis of a peer review privilege within 20 days of this order.

**B.     Appropriate sanction for nonproduction.**

Rule 37(a)(4) mandates "reasonable expenses incurred" by a successful movant. "The great operative principle of Rule 37(a)(4) is that the loser pays." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (internal quotation and citation omitted). It is a fee shifting rule, however, and a losing party can escape being taxed expenses if "the Court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A). Furthermore, the ability to sanction falls squarely within the discretion of the district court, which "is in the best position to....settle any discovery disputes" that arise in

litigation.  *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996).

Plaintiff made the good faith effort contemplated under this rule.  Given the weight of case law against its position, EMSA has not shown substantial justification for its objection.  *See PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 298 (N.D. W. Va. 2004) (nonmovant's conduct was not substantially justified where weight of authority was contrary to nonmovant's asserted discovery objections).  Under these circumstances, the Court would normally award Plaintiff his requested expenses.  However, the Court finds that other circumstances make an award unjust in this instance.  *See Deleon v. Rice*, 2006 WL 1314021, at *4 (E.D. Wis. May 11, 2006) (other circumstances rendered expense award unjust despite nonmovant's failure to articulate a substantial justification for nonproduction and court declined to award movant its expenses).

While Plaintiff prevailed in his underlying motion to compel, any harm he suffered with respect to time and effort compelling this discovery is counterbalanced by the time and energy EMSA expended opposing Plaintiff's ill-conceived motion to strike EMSA's response brief.[2]  Given the parity of prejudice the parties have inflicted on one another, the Court declines to tax fees and costs against EMSA at this juncture.  Additionally, in the event that the Plaintiff ultimately prevails in this action, the Plaintiff will be entitled to recoup fees and costs of this litigation including those associated with this matter.  Accordingly, Plaintiff's request for sanctions is denied without prejudice.

---

[2] To his credit, Plaintiff voluntarily withdrew his motion to strike.  *See* Docket Nos. 150, 151.

**III.     Conclusion.**

Under the circumstances of this civil rights action, the peer review privilege does not apply.  Defendant EMSA must within 20 days of this order supplement its discovery responses in accordance with this order.  EMSA's discovery violation was, nevertheless, harmless to Plaintiff.  Consequently, the Court rejects Plaintiff's request for expenses associated with his motion.  Accordingly, the Court grants Plaintiff's motion to compel, but denies his request for sanctions [Docket No. 137].

Dated:   06/29/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Andrew Ryzard Bloch
ZEIGLER COHEN & KOCH
abloch@zcklaw.com

Kelly R. Eskew
BINGHAM MCHALE LLP
keskew@binghammchale.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com

Jon Anthony Keyes
ALLEN WELLMAN MCNEW
jkeyes@awmlaw.com

Daniel Joseph Layden
ALLEN WELLMAN MCNEW
djl@awmlaw.com

James W. McNew
ALLEN WELLMAN MCNEW
jwm@awmlaw.com

Diane Carr Roth
ALVERSON TAYLOR MORTENSEN & SANDERS
alversontaylor@alversontaylor.com

John Thomas Roy
ST PAUL STAFF COUNSEL OFFICE
jroy@stpaultravelers.com

Seetal Tejura
ALVERSON TAYLOR MORTENSEN & SANDERS
efile@alversontaylor.com

Mary H. Watts
BINGHAM MCHALE
mwatts@binghammchale.com